UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM L. LIKENS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2491** |
| **SOUTHERN TOWING COMPANY, LLC** | **SECTION "B"(1)** |

## ORDER AND REASONS

Considering plaintiff Williams L. Likens and defendant Southern Towing Company's joint motion to continue deadlines and, if necessary, trial (Rec. Doc. 20), and parties' joint motion for expedited consideration on motion to continue deadlines and, if necessary, trial (Rec. Doc. 21),

**IT IS HEREBY ORDERED** parties' joint motion for expedited consideration on motion to continue deadlines and, if necessary, trial (Rec. Doc. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that parties' joint motion to continue deadlines and, if necessary, trial (Rec. Doc. 20) is **DENIED.** Pursuant to the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation omitted). The Fifth Circuit Court of Appeals considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice*." Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

The Court entered its first scheduling order on September 19, 2023. Rec. Doc. 6. On January 30, 2024, the Court granted parties' joint motion to continue trial due to plaintiff's counsel maternity leave, which ended on June 1, 2024, and to allow parties additional time to complete discovery. *See* Rec. Docs. 7 and 8. Plaintiff subsequently filed an unopposed motion for extension of certain pretrial deadlines (Rec. Doc. 13) citing complications from Hurricane Beryl, which Court granted on July 25, 2024. *See* Rec. Doc. 14. On September 4, 2024, parties filed their joint motion to continue deadlines and, if necessary, trial. Rec. Doc. 20.

Parties contend they need additional time to complete discovery and file motions, so they are timely heard in advance of trial. *Id.* In support, parties contend that due to the schedules of parties' respective experts, their depositions cannot be completed in time to comply with the deadline to file motions to permit hearing on September 25, 2024. *See* Rec. Doc. 20-1 at 1. Plaintiff's counsel further contends that they only have received defendant's expert disclosure and reports as of September 3, 2024, allowing plaintiff "only six days prior to the motion deadline, and those experts' depositions have yet to be scheduled." *Id.* Further, parties aver that several fact witnesses employed by defendant have been offshore and unavailable for deposition prior to the discovery cut-off. *Id.* Self-imposed reasons for a delay do not amount to a showing of good cause. *See Squyres*, 782 F.3d at 238 (affirming a district court's decision to deny a motion to continue discovery deadlines because "the parties' delay in conducting discovery was self-imposed"); *Bilbe v. Belson*, 530 F.3d 314, 317 (5th Cir. 2008) (affording "district courts a great deal of deference in determining whether to modify scheduling orders, especially where, as here, the record suggests that the movant repeatedly demonstrated a lack of diligence"); *Meaux*, 607 F.3d at 168 (affirming denial of continuance because "trial was imminent" and "unfortunate timing was largely defendants' fault"). The Court has granted parties additional time to complete discovery twice and

2

the present need for additional time is self-imposed. Parties have known about the established deadlines since the scheduling order was modified on July 25, 2024. Thus, parties' discovery-related reasons for a continuance presents self-imposed delay, not good cause.

Parties further contend that a continuance is in order due to the complex nature of the issues relative to the plaintiff's diagnosis of a rare autoimmune disease, neuromyelitis optica spectrum disorder ("NMOSD"), which will require expert testimony, in addition to the need for economic expert testimony. *See* Rec. Doc. 20-1 at 2. Lastly, parties contend that plaintiff Mr. Likens is scheduled to undergo knee surgery, from which he may not recover in time for trial. *Id.* Where surgical intervention is related to the cause of action and presents medical risk, courts in the Eastern District have regularly found good cause for continuing scheduling order deadlines. *See Jones v. Phil Guilbeau Offshore, Inc.*, 2014 WL 4186784, at *1 (E.D. La. Aug. 22, 2014); *Augman v. Seacor Marine, L.L.C.*, No. 07-1508, 2008 WL 8694786, at *3 (E.D. La. June 23, 2008); *In re: Falcon Inland, Inc.*, No. 97-0360, 1998 WL 512993, at *1 (E.D. La. Aug. 14, 1998); *Chilton v. Aran Energy Corp.*, No. 93-756, 1994 WL 160509, at *1 (E.D. La. Apr. 25, 1994).

Nevertheless, counsel has failed to establish plaintiff's health issues with supporting medical documentation to establish good cause relative to plaintiff's health concerns. **However, if plaintiff, through his treating physician, "provides [] some medical documentation confirming he requires medical treatment/surgery relevant to the claim(s) in this case, and [] an estimated timeline for recovery," plaintiff may re-urge his motion to continue.** *See McManus v. St. Tammany Parish Jail*, No. 21-1533, 2023 WL 5767712 (E.D. La. Aug 2, 2023).

As the Court has previously instructed, Federal Rule of Civil Procedure Rule 1 directs both the Court and the parties to "construe[], administer[], and employ[]" the federal rules to "secure

the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

New Orleans, Louisiana this 6th day of September, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE